IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT BROWN, #A0112534, | ) | CIVIL NO. 16-00649 JMS-RLP |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY HERBERT BROWN'S 28 U.S.C. |
| vs. | ) | § 2254 PETITION |
| | ) | |
| JOSEPH TAYLOR, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY
HERBERT BROWN'S 28 U.S.C. § 2254 PETITION[1]

On December 6, 2016, Herbert Brown filed a Petition Under § 2254 For Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. The Petition alleges that Mr. Brown's Hawaii state court sentence violates his constitutional rights. Respondent Joseph Taylor ("Respondent") filed his Answer to the Petition ("Answer") on February 8, 2017. ECF No. 12. After reviewing the Petition, Answer, exhibits, record, and relevant legal authority, the Court FINDS that Mr. Brown is not being held in violation of the Constitution, laws, or treaties of the United States. Accordingly, the Court RECOMMENDS that the Petition be DENIED with prejudice for the reasons set forth

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

1

below.

## BACKGROUND

On July 23, 2004, Mr. Brown was convicted in the Circuit Court of the First Circuit of the State of Hawaii ("First Circuit Court") of two counts of third-degree sexual assault under Hawaii Revised Statutes Sections 707-732(1)(b). See State v. Brown, No. 26911, 2005 WL 2338855 (Haw. Sept. 26, 2005). Mr. Brown was sentenced to two consecutive ten-year terms under Hawaii's extended-term sentencing scheme. See Brown v. White, No. CV 06-00496HG-BMK, 2007 WL 1977277, at *1 (D. Haw. July 3, 2007); see also Haw. Rev. Stat. §§ 706-661, -662(1), -662(4)(a) (Supp. 2001) (criteria for extended terms of imprisonment). Mr. Brown filed a direct appeal to the Supreme Court of the State of Hawaii arguing that he was denied a fair trial when the First Circuit Court admitted evidence of his prior conviction; that there was insufficient evidence to prove that he touched the complainants' vaginas as charged in the indictment; and that Hawaii's extended-term sentencing scheme violated the right to a trial by jury under the Sixth Amendment to the United States Constitution. See Brown, 2005 WL 2338855, at *1. On September 26, 2005, the Hawaii Supreme Court affirmed his convictions and sentence. Id. at *2.

In 2006, Mr. Brown filed a petition for writ of habeas corpus in federal court. Brown, 2007 WL 1977277. Mr. Brown

argued that his extended-term sentence violated the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. at *1. The petition was granted and the District Court ordered that Mr. Brown be re-sentenced. Id.

In 2007, the Hawaii state legislature amended Hawaii's extended-term sentencing scheme to comply with Apprendi. See State v. Jess, 184 P.3d 133, 140 n.3 (Haw. 2008) (discussing legislative history). On May 8, 2012, the First Circuit Court empaneled a new jury for Mr. Brown's eligibility trial. See ECF Nos. 12-5, 12-6. The jury found beyond a reasonable doubt that Mr. Brown was a persistent offender and a multiple offender under Hawaii Revised Statutes Sections 706-662(1) and (2), and that an extended sentence was necessary to protect the public. ECF No. 12-6 at 75-79. An amended judgment was entered, and Mr. Brown was again sentenced to two consecutive ten-year terms of imprisonment. See ECF No. 12-2 at 3; State v. Brown, No. CAAP-12-0000724, 2015 WL 5774713, at *1 (Haw. Ct. App. Sept. 30, 2015).

Mr. Brown filed a direct appeal to the Intermediate Court of Appeals of the State of Hawaii, arguing that the extended-term sentencing scheme enacted at the time of his offense was void ab initio and therefore the First Circuit Court had no statutory authority to re-sentence him to an extended term; that the jury voir dire at the eligibility trial was

3

insufficient; and that his conviction at the first trial should not have been entered as evidence in his eligibility trial. See State v. Brown, Hawaii Judiciary Electronic Filing and Service System ("JEFS") No. CAAP-12-0000724, Opening Brief at 17-30, 1/13/2013 (Haw. Ct. App.). On September 30, 2015, the Intermediate Court of Appeals denied Mr. Brown's appeal. Brown, 2015 WL 5774713, at *4.

On December 26, 2015, Mr. Brown filed an Application for Writ of Certiorari in the Supreme Court of the State of Hawaii. See State v. Brown, JEFS No. SCWC-12-0000724, Application For Writ of Certiorari, 12/26/2015 (Haw.). Mr. Brown argued that the trial court lacked jurisdiction over his case because Hawaii's family court had exclusive jurisdiction over crimes against minors under fourteen years old. Id. at 6-9. The application was denied on February 8, 2016. See State v. Brown, No. SCWC-12-0000724, 2016 WL 509425, at *1 (Haw. Feb. 8, 2016).

On December 6, 2016, Mr. Brown filed the instant Petition. ECF No. 1. Although Mr. Brown's claims are not entirely clear, he appears to raise nine claims based on both his original trial and his subsequent trial on eligibility for an extended-term sentence ("eligibility trial"). Specifically, Mr. Brown claims that he received ineffective assistance of counsel; that the First Circuit Court improperly admitted evidence of his prior conviction; that his indictment provided insufficient

4

notice of his charges because it charged him with touching his victims' vaginas rather than their vulvae; that he should have been tried in Hawaii family court; that Hawaii's amended extended-term sentencing scheme violates the Sixth Amendment; that the amended extended-term sentencing scheme is an Ex Post Facto law; that empaneling a second jury for his eligibility trial violated Double Jeopardy; that the verdict form used at his eligibility trial violated Due Process; and that Hawaii Revised Statutes Section 706-668.5(3) is unconstitutionally ambiguous. ECF No. 1-1.

## DISCUSSION

**I.   Mr. Brown's Petition is Not Second or Successive.**

Respondent argues that because the instant Petition is not Mr. Brown's first petition, it is second or successive. ECF No. 12-1 at 8-9. Generally, a petition is second or successive if it "raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect." Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002). A district court does not have jurisdiction to consider a second or successive petition for habeas corpus relief without prior authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 153 (2007).

In Magwood v. Patterson, the Supreme Court held that where a new judgment intervenes between two habeas petitions, the

second habeas petition challenging the new judgment is not second or successive.  Magwood v. Patterson, 561 U.S. 320, 342 (2010).  The Ninth Circuit has since held that under Magwood, "where a first habeas petition results in an amended judgment, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner effectively challenges an unamended component of the judgment." Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012) (internal quotations omitted).  Here, Mr. Brown received an amended judgement prior to filing the instant Petition.  See ECF No. 12-2 at 3.  Therefore, the Court FINDS that under Magwood and Wentzell, Mr. Brown's Petition is not second or successive.[2]

/ / /

/ / /

---

[2] Related to the issue of a second or successive petition is procedural default, which limits habeas relief when a petitioner has not previously raised his claims in state court.  See Razo v. Thomas, 700 F. Supp. 2d 1252, 1262 (D. Haw. 2010) (explaining that claims are procedurally defaulted when a petitioner has no available state remedies because the petitioner has not presented his claims to state court and the claims would be barred in state court on procedural grounds); Wentzell, 674 F.3d at 1127 (9th Cir. 2012) (explaining that "Magwood indicates that procedural default rules — rather than the rules governing 'second or successive' petitions — are the more appropriate tools for sorting out new claims from the old").  Here, a number of Mr. Brown's claims were never raised in State court.  However, Respondent has failed to raise procedural default in his Answer and has therefore waived it as a defense.  See Razo, 700 F. Supp. 2d at 1262-63 (explaining that the state must raise procedural default or the defense will be waived).  Accordingly, the Court will address the merits of Mr. Brown's Petition.

**II.  Mr. Brown Has Not Established That He is Being Held in Custody in Violation of Clearly Established Federal Law.**

In federal habeas proceedings, "it is the petitioner who bears the burden of proving his case." Lambert v. Blodgett, 393 F.3d 943, 970 (9th Cir. 2004).  A petitioner in state custody must prove "that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petitioner must show that the state court proceedings were "contrary to" or "involved an unreasonable application of" clearly established United States Supreme Court precedent, or were based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  A habeas petitioner "'is expected to state facts that point to a real possibility of constitutional error.'"  Razo, 700 F. Supp. 2d 1252 at 1267 (quoting Wacht v. Cardwell, 604 F.2d 1245, 1247 (9th Cir. 1979)).  Similarly, "the Court is not required to sift through the state court records of habeas petitioners to determine whether sufficient facts exist to support the claim for relief."  Id. (internal quotations and alterations omitted).  Conclusory allegations, which are not supported by specific facts, do not establish that a petitioner is entitled to habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).  For the reasons discussed below, Mr. Brown has not established that he is being held in violation of the Constitution, laws, or

7

treaties of the United States.

### 1. Mr. Brown Has Not Established That He Received Ineffective Assistance of Counsel.

Mr. Brown argues that he "would not rule out" the possibility that he received ineffective assistance of counsel. ECF No. 1-1 at 1. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). When a petitioner claims that his counsel was ineffective, the petitioner must show that: "(1) his trial counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Smith v. Mahoney, 611 F.3d 978, 986 (9th Cir. 2010) (quoting Strickland, 466 U.S. at 688).

Here, Mr. Brown has not elaborated on his claim of ineffective assistance of counsel. This Court's Order to Show Cause explained that "the facts underlying [Mr. Brown's ineffective assistance of counsel] claim, or to which counsel he levels this charge, are unclear." ECF No. 6 at 7. The Order to Show Cause provided Mr. Brown an opportunity to file a reply in which he could further elaborate on his claim. Id. at 8. Mr. Brown did not file a reply or otherwise explain his claim. Mr. Brown's claim of ineffective assistance of counsel is conclusory

8

and without factual support.  Accordingly, the Court FINDS that Mr. Brown has not demonstrated that he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

**2.   The First Circuit Court Properly Admitted Evidence of Mr. Brown's Prior Conviction.**

Mr. Brown argues that the First Circuit Court improperly admitted evidence of his prior convictions ECF No. 1-1 at 5.  The admission of evidence is an issue of state law. Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009). Likewise, "[t]he admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process."  Johnson v. Sublett, 63 F.3d 926, 930 (9th Cir. 1995).  "'Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process.'"  Akana v. Thomas, No. CIV. 12-00681-LEK, 2013 WL 3864062, at *6 (D. Haw. July 24, 2013) (quoting Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991)).  However, there are a number permissible uses of evidence of prior convictions under both Hawaii law and federal law.  See Akana v. Thomas, No. CIV. 12-00681-LEK, 2013 WL 3864062, at *6 (D. Haw. July 24, 2013) (denying habeas relief and explaining that "[n]either the Hawaii Rules of Evidence nor the Federal Rules bar evidence of prior convictions if the evidence is not introduced to prove

9

character"); United States v. Tighe, 266 F.3d 1187, 1191 (9th Cir. 2001) ("[T]he Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment and proved before a jury beyond a reasonable doubt.").

Here, Mr. Brown does not elaborate on his claim that the evidence of his prior conviction was improperly admitted. He does not explain when or how the evidence was introduced, at which trial it was introduced, for what purpose the evidence was admitted, or whether the jury received limiting instructions. But see Brown, 2005 WL 2338855 at *1 (explaining that Mr. Brown's trial court "correctly allowed the prosecution to cross-examine Brown regarding his 1992 conviction for second-degree robbery because [Mr. Brown testified] unequivocally that it was 'not even in my nature to be violent in any way like that'"); State v. McElroy, 97 P.3d 1004, 1008–09 (Haw. 2004) ("An accused may be cross-examined as to all matters which he himself has brought up on direct examination."). Accordingly, Mr. Brown has not shown that there were impermissible purposes for admitting evidence of his prior conviction, or that its admission rendered his trial fundamentally unfair. Therefore, the Court FINDS that Mr. Brown has not established that admitting evidence of his prior conviction violated the Due Process Clause of the United States Constitution.

### 3. Mr. Brown's Indictment Provided Sufficient Notice of His Charges.

Mr. Brown argues that his indictment was invalid because it charged him with touching his victims "vaginas," a first-degree offense, but he was convicted for touching their "vulvas," a third-degree offense.  ECF No. 1-1 at 1.  "The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." Gautt v. Lewis, 489 F.3d 993, 1002 (9th Cir. 2007).  However, "'deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.'"  Maassen v. Ryan, No. CV-13-00188-PHX-SRB, 2013 WL 5781077, at *9 (D. Ariz. Oct. 25, 2013) (quoting Ashford v. Evans, 780 F.2d 405, 407 (4th Cir. 1985)).  In such cases, a petitioner must establish prejudice to be afforded habeas relief.  Id. (citing Brodit v. Cambra, 350 F.3d 985, 988–89 (9th Cir. 2003).  An indictment containing a "technical error in wording [does] not prejudice the defendant." Lincoln v. Sunn, 807 F.2d 805, 813 (9th Cir. 1987) (citing State v. Baker, 525 P.2d 571, 572 (1974)).  When a petitioner claims his indictment did not provide him fair notice of his charges, a court first looks to the wording of the indictment.  See Lincoln,

11

807 F.2d at 812.

Here, Mr. Brown's indictment charged two counts of sexual assault in the third degree and provided specific dates for each offense. ECF No. 12-7 at 1. Count 1 charged that he "did knowingly subject to sexual contact [Minor 1] who was less than fourteen years old, by placing his hand on her vagina [and] thereby committed the offense of Sexual Assault in the Third Degree in violation of Section 707-732(1)(b) of the Hawaii Revised Statutes." Id. Count two used the same language to charge him with sexual assault against Minor 2 and additionally charged that Mr. Brown was "the parent or guardian or any other person having legal or physical custody of [Minor 2]." Id.

Mr. Brown claims that his indictment did not provide notice of his charges because he was indicted for "placing his hand on [each minor's] vagina," rather than her vulva. ECF No. 1-1 at 1. Mr. Brown does not refute here, nor did he on direct appeal, "that he subjected the complainants to sexual contact by touching their vulvae." State v. Brown, 2005 WL 2338855 at *1. He does not argue that he was unaware of being charged with touching the complainants' vulvae, that he was unable to fairly prepare his defense, or that any other factors exist which would demonstrate prejudice. Accordingly, Mr. Brown has not demonstrated that the indictment's wording was egregiously unfair or deprived him of fair notice of his charges.

12

The indictment also provides notice of the charges by referencing the applicable statute. ECF No. 12-7 at 1. The Ninth Circuit has found that "an offense may be charged either by name or by reference to the statute defining it." Lincoln, 807 F.2d at 813 (citing Baker, 525 P.2d at 572). Here, Mr. Brown's indictment references Section 707-732(1)(b), which defines the charged offense: "[A] person commits the offense of sexual assault in the third degree if [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person." Haw. Rev. Stat. § 707-732(1)(b). Accordingly, the Court FINDS the indictment provided fair notice to Mr. Brown of his charges under the Fifth and Sixth Amendments of the United States Constitution.[3]

**4. Mr. Brown's Claim That He Should Have Been Tried in Family Court Does Not Raise a Federal Issue.**

Mr. Brown argues that under Hawaii law, the First Circuit Court lacked jurisdiction to try him and he should have been tried in family court instead. ECF No. 1-1 at 6. To prevail on a habeas claim, a petitioner must demonstrate that he is being held "in violation of the Constitution or laws or

---

[3] To the extent that Mr. Brown argues that the eligibility trial was invalid because it was based on the original indictment, see ECF No. 6 at 6, his claim fails for the same reasons discussed here.

13

treaties of the United States." 28 U.S.C. § 2254. Under this claim, Mr. Brown argues that Hawaii law gives the family courts exclusive jurisdiction over cases involving minors under fourteen. ECF No. 1-1 at 6. Mr. Brown therefore raises only matters of state law. He does not demonstrate that he is being held in violation of any federal law. Accordingly, the Court FINDS that Mr. Brown has not established that being tried by the First Circuit Court violated of any law of the United States.

**5. Mr. Brown Has Not Established That Hawaii's Amended Extended-Term Sentencing Scheme Violates the Sixth Amendment.**

Mr. Brown claims that Hawaii's amended extended-term sentencing scheme "is still unconstitutional." ECF No. 1-1 at 2. He does not elaborate on this claim. See id. Mr. Brown appears to be reiterating the same challenge he raised in his prior petition, when he argued that the prior version of Hawaii's sentencing scheme violated the Sixth Amendment because a judge, rather than a jury, found him eligible for an extended term. See Brown, 2007 WL 1977277, at *1; see also Apprendi 530 U.S. at 490 (holding that under the Sixth Amendment, a "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

To prevail on his habeas claim, a petitioner must show that he is being held in violation of "clearly established

14

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Although Mr. Brown's prior petition was based on the clearly established precedent set forth in Apprendi, Mr. Brown was granted relief on his first petition. See Brown, 2007 WL 1977277, at *1. Hawaii's sentencing scheme has since been amended to comply with Apprendi. See Jess, 184 P.3d at 140 n.3; Haw. Rev. Stat. § 706-662 supplemental commentary on 2007 amendment. It now requires a jury, rather than a judge, to find a defendant eligible for an extended term based on the statutory factors, beyond a reasonable doubt. See Haw. Rev. Stat. §§ 706-661, -662, and -664. Under the amended scheme, Mr. Brown was found eligible for an extended term by a jury beyond a reasonable doubt. See ECF No. 12-6 at 75-87. Therefore, Hawaii's amended scheme and Mr. Brown's second sentence comply with the Sixth Amendment as interpreted by Apprendi. Mr. Brown does not point to any clearly established precedent indicating otherwise. Therefore, the Court FINDS that Mr. Brown has not established that he is being held in state custody in violation of the Sixth Amendment.

**6. The Amended Extended-Term Sentencing Scheme is Not an Ex Post Facto Law.**

Mr. Brown argues that his sentence violates the ex post facto provision of the United States Constitution because it applies the amendments of Hawaii's extended-term sentencing

15

scheme to a crime that he committed before the amendments were enacted.  ECF No. 1-1 at 2.  The ex post facto provision proscribes legislatures from enacting laws that impose additional punishment for an act that has already been committed.  Weaver v. Graham, 450 U.S. 24, 28 (1981) (citing U.S. Const. art. I, § 9).  The ex post facto provision forbids only "the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred."  Id. at 30 (emphasis added).  For a law to be considered ex post facto, a "critical element[]" is that "it must disadvantage the offender affected by it."  Id. at 30.

Here, Mr. Brown was originally sentenced to two consecutive ten-year terms.  See Brown, 2007 WL 1977277, at *1.  After his eligibility trial, he was again sentenced to two consecutive ten-year terms.  See Brown, 2015 WL 5774713, at *1.  Mr. Brown did not receive a more severe punishment.  Additionally, the amended sentencing scheme did not increase Mr. Brown's sentencing exposure because it altered only the procedure for imposing it.  See Jess, 184 P.3d at 161 (explaining that having a jury determine edibility does "not expand the scope of criminal liability, increase punishment, or alter any evidentiary burdens to [the defendant's] detriment").  Mr. Brown was not disadvantaged by the new sentencing scheme, which is required to establish an ex post facto violation.  Therefore, the Court FINDS

16

that applying Hawaii's amended extended-term sentencing scheme at Mr. Brown's eligibility trial did not violate the ex post facto provision of the United States Constitution.

**7.  Empaneling a Second Jury Did Not Violate Double Jeopardy.**

Mr. Brown argues that empaneling a second jury for his eligibility trial, rather than re-empaneling the first jury, violated the Double Jeopardy Clause.  ECF No. 1-1 at 2.  The Double Jeopardy Clause protects against multiple prosecutions for one offense.  See U.S. Const. amend. V.  The Double Jeopardy Clause does not apply to re-trials of sentencing enhancements "because sentencing determinations in noncapital cases do not place a defendant in jeopardy for an 'offense.'"  Jones v. Caldron, No. C 01-2854 MMC PR, 2003 WL 21667146, at *8 (N.D. Cal. July 14, 2003); see also Monge, 524 U.S. at 727-28 (holding that a second trial on sentencing enhancements, where the first trial lacked sufficient evidence of the defendant's prior convictions, was not barred by the Double Jeopardy Clause).  Because Mr. Brown's eligibility trial was a re-trial of sentencing enhancements, the Double Jeopardy Clause does not apply.  Accordingly, the Court FINDS that Mr. Brown has not established that he is being held in state custody in violation of the Double Jeopardy Clause of the United States Constitution.

/ / /

**8.   Mr. Brown Has Not Established That The Verdict Form Violated Due Process.**

Mr. Brown argues that the verdict form finding him guilty of an extended sentence violates due process because it did not require specific findings.  ECF No. 1-1 at 3.  However, the jury was required to make specific findings before imposing a sentence.  See ECF No. 12-6 at 40-42.  Specifically, the jury was instructed to find whether Mr. Brown is "a persistent offender, in that he has previously been convicted of two or more felonies" and whether it is "necessary for the protection of the public that [Mr. Brown] be subject to an extended term of imprisonment."  Id.  Accordingly, Mr. Brown's argument and factual allegations are not supported by the record.  To the extent that Mr. Brown argues that more detailed findings were required, he has not pointed to any federal law in support of his argument, described what findings are necessary, or otherwise explained why further detail is required by due process.  Conclusory allegations are not sufficient to support habeas relief.  Jones, 66 F.3d at 204-05.  Therefore, the Court FINDS that Mr. Brown has not established that he is being held in violation due process.

**9.   Mr. Brown Is Not Being Held Pursuant to Hawaii Revised Statutes Section 706-668.5(3).**

Mr. Brown claims that he is being held pursuant to Hawaii Revised Statutes Section 706-668.5(3), which he argues is

18

unconstitutionally ambiguous.  See ECF No. 1-1 at 3; ECF No. 1-8.

Section 706-668.5 was amended in 2008 to require that "multiple

terms of imprisonment, whether imposed at the same time or at

different times, run concurrently unless the court orders or the

statute mandates that the terms run consecutively."  Haw. Rev.

Stat. § 706-668.5 advisory commentary on 2008 amendment.

Additionally, the Hawaii Department of Public Safety ("DPS") is

required to notify offenders whose sentences were imposed prior

to 2008 that DPS might recalculate their sentence to run

concurrently, and that offenders have the right to judicial

review of their sentences.  Mr. Brown challenges DPS's authority

to recalculate his sentence to run concurrently.  Section

706-668.5 and its amendments do not apply to Mr. Brown's current

sentence, which was imposed in 2012.  See Brown, 2015 WL 5774713,

at *1.  Additionally, Mr. Brown was ordered to serve consecutive

terms.  See id.  Therefore, Section 706-668.5 does not apply to

Mr. Brown's case. Accordingly, the Court FINDS that Mr. Brown has

not established that he is being held in custody by an

unconstitutionally ambiguous statute.

## CONCLUSION

For the reasons discussed above, the Court FINDS that

Herbert Brown is not being held in violation of the Constitution,

laws, or treaties of the United States.  Accordingly, the Court

RECOMMENDS that the Petition be DENIED with prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 9, 2017



Richard L. Puglisi
United States Magistrate Judge

**BROWN V. TAYLOR; CIVIL NO. 16-00649 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY HERBERT BROWN'S 28 U.S.C. § 2254 PETITION**

20