IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HERBERT BROWN, | CIV. NO. 16-00649 JMS-RLP |
| Petitioner, | ORDER: (1) ADOPTING AMENDED FINDINGS AND |
| vs. | RECOMMENDATION TO DENY HERBERT BROWN'S 28 U.S.C. § 2254 PETITION; AND |
| JOSEPH TAYLOR, | (2) DENYING A CERTIFICATE OF APPEALABILITY |
| Respondent. | |

**ORDER: (1) ADOPTING AMENDED FINDINGS AND RECOMMENDATION TO DENY HERBERT BROWN'S 28 U.S.C. § 2254 PETITION; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Before the court are Petitioner Herbert Brown's ("Brown")

Objections, ECF Nos. 15, 15-1,[1] to Magistrate Judge Richard L. Puglisi's June 13,

2017 Amended Findings and Recommendation ("Amended F&R") to Deny

Brown's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person

///

///

---

[1] Brown included argument in both his Objections, ECF No. 15, and the transmittal letter accompanying his Objections, ECF No. 15-1. The court considers the objections raised in both documents.

in State Custody ("§ 2254 Petition"),[2] ECF No. 14; and the Honolulu Department of the Prosecuting Attorney's (the "Government") Response, ECF No. 17. For the reasons discussed below, the court ADOPTS the Amended F&R, DENIES the § 2254 Petition, and DENIES a certificate of appealability.

## II. <u>BACKGROUND</u>

On July 23, 2004, Brown was convicted in the Hawaii Circuit Court of the First Circuit ("Hawaii Circuit Court") of two counts of third-degree sexual assault under Hawaii Revised Statutes ("HRS") § 707-732(1)(b),[3] and sentenced to two consecutive ten-year terms of imprisonment under Hawaii's extended-term sentencing scheme. *See State v. Brown*, 2005 WL 2338855, at 1 (Haw. Sept. 26, 2005) (unpublished disposition). Brown's conviction and sentence were affirmed

---

[2] Brown's § 2254 Petition includes both the petition, ECF No. 1, and supporting memorandum, ECF No. 1-1. For clarity, when citing the § 2254 Petition, the court uses ECF PageID numbers. On June 9, 2017, Magistrate Judge Puglisi issued his Findings and Recommendation ("F&R") to deny Brown's § 2254 Petition. ECF No. 13. The F&R was amended on June 13, 2017, solely to include a discussion on a certificate of appealability. *See* Am. F&R at 1 n.2.

[3] HRS § 707-732(1)(b):

> (1) A person commits the offense of sexual assault in the third degree if:
> . . .
> (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person.

by the Hawaii Supreme Court on September 26, 2005.[4]  *Id.* at 2.  Brown filed a

petition for writ of habeas corpus in federal court, arguing that his extended-term

sentencing violated the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S.

466 (2000).  *See Brown v. White*, 2007 WL 1977277, at * 1 (D. Haw. July 3,

2007).  The petition was granted and the district court ordered that Brown be re-

sentenced.  *Id.*

       In 2007, the Hawaii state legislature amended the extended-term

sentencing scheme, HRS §§ 706-661, -662, & -664, to comply with *Apprendi*.  *See*

*State v. Jess*, 184 P.3d 133, 140 n.3 (Haw. 2008) (discussing legislative history).

Thereafter, on October 3, 2007, the state prosecutor filed a second motion for an

extended-term of imprisonment that set forth aggravating circumstances.  Gov't

Ex. "H," ECF No. 12-9.  On November 3, 2009, the Hawaii Supreme Court denied

a petition for writ of mandamus and/or prohibition by which Brown sought an

order vacating the denials of motions he filed challenging both the Hawaii Circuit

Court's jurisdiction and the constitutionality of the amended extended-term

sentencing scheme.  Pet. Ex "A," ECF No. 1-2.  The court found that Brown

"fail[ed] to demonstrate a clear and indisputable right to relief."  *Id.* at 1.

---

[4]  Brown argued on appeal that he was denied a fair trial because: (1) the trial court admitted evidence of a prior conviction for robbery in the second degree; (2) there was insufficient evidence to prove that Brown touched the complainants' vaginas as charged in the indictment; and (3) Hawaii's extended-term sentencing scheme violated his Sixth Amendment right to a trial by jury.  *State v. Brown*, 2005 WL 2338855, at *1 (Haw. Sept. 26, 2005) (unpublished disposition).

On May 8, 2012, the Hawaii Circuit Court held an extended-term eligibility trial with a new jury, which found that Brown was a persistent and multiple offender under the amended HRS § 706-662(1) and (2), and that an extended sentence was necessary to protect the public. Gov't Ex. "E" at 75-79, ECF No. 12-6. A new judgment was issued on August 3, 2012, re-sentencing Brown to the same sentence as he originally received -- two consecutive ten-year terms of imprisonment. *State v. Brown*, 2015 WL 5774713, at *1 (Haw. Ct. App. Sept. 30, 2015). Brown's subsequent appeal was denied by the Hawaii Intermediate Court of Appeals (the "ICA") on September 30, 2015.[5] *Id.* at *4. And on February 8, 2016, the Hawaii Supreme Court denied Brown's application for writ of certiorari. *See State v. Brown*, 2016 WL 509425, at *1 (Haw. Feb. 8, 2016).

On December 6, 2016, Brown filed the instant § 2254 Petition asserting the following nine claims arising from both his original trial and subsequent eligibility trial for an extended-term sentence: (1) ineffective assistance of counsel; (2) the Hawaii Circuit Court improperly admitted evidence of his prior

---

[5] On appeal, Brown argued that (1) because the extended-term sentencing scheme in effect at the time of the offense was void ab initio, his first sentence should be viewed as an ordinary-term sentence, making his second sentence harsher than his first, and therefore, the Hawaii Circuit Court's imposition of the second sentence violated his right to due process; (2) the eligibility trial jury voir dire was insufficient, causing prejudicial error; and (3) because his conviction from the first trial was allegedly void, it should not have been entered as evidence in his eligibility trial. *State v. Brown*, 2015 WL 5774713, at *1-3 (Haw. Ct. App. Sept. 30, 2015).

conviction; (3) his indictment, which charged him with touching the victims'

vaginas rather than their vulvae, provided insufficient notice of his charges; (4) he

should have been tried in family court; (5) Hawaii's amended extended-term

sentencing scheme violates the Sixth Amendment; (6) the amended extended-term

sentencing scheme is an ex post facto law; (7) empaneling a second jury for the

eligibility trial violated double jeopardy; (8) the verdict form used at the eligibility

trial violated due process; and (9) HRS § 706-668.5(3)[6] is "unconstitutionally

ambiguous." Am. F&R at 5 (citing § 2254 Mem., ECF No. 1-1).

The Amended F&R found that for each of his claims, Brown failed to

establish a violation of the constitution, laws, or treaties of the United States.[7] *Id.*

---

[6] HRS § 706-668.5(1) was amended in 2008 to clarify that "[m]ultiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively." Subsection (3) requires that notice be provided to defendants serving "terms of imprisonment imposed prior to June 18, 2008," that (1) the "department of public safety may recalculate the multiple terms of imprisonment imposed on the defendant; and [(2)] . . . the defendant [has the] right to have the court review the defendant's sentence." Brown received a letter dated August 6, 2015, from the Department of Public Safety, informing him that he was identified as serving multiple terms of imprisonment imposed prior to June 18, 2008, and providing the notice required by § 706-668.5(3). *See* Pet.'s Ex. "G," ECF No. 1-8.

[7] The Amended F&R first determined that even though Brown filed a prior habeas petition, because he received a subsequent amended judgment, the instant § 2254 Petition is not a second or successive petition. Am. F&R at 6 (citing *Magwood v. Patterson*, 561 U.S. 320 (2010) and *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner effectively challenges an unamended component of the judgment.")). The Amended F&R also noted that although Brown failed to raise some of his claims in state court before filing the instant § 2254 Petition, because the Government failed to assert procedural default in its Answer, it waived that defense. *Id.* at 6 n.3. Thus, the Amended F&R determined that it could address the merits of Brown's claims. *Id.*

at 7-20. More specifically, the Amended F&R found that: (1) "Brown's claim of ineffective assistance of counsel is conclusory and without factual support" and thus, Brown failed to establish "that he received ineffective assistance of counsel in violation of the Sixth Amendment," *id.* at 9; (2) "Brown has not shown that there were impermissible purposes for admitting evidence of his prior conviction, or that its admission rendered his trial fundamentally unfair" such that it would violate the due process clause, *id.* at 11; (3) by "referencing the applicable statute . . . the indictment provided fair notice to Mr. Brown of his charges under the Fifth and Sixth Amendments," *id.* at 13; (4) "Brown has not established that being tried by the [Hawaii Circuit Court] violated . . . any [federal] law," *id.* at 14; (5) Hawaii's amended [extended-term sentencing] scheme and Mr. Brown's second sentence comply with the Sixth Amendment as interpreted by *Apprendi* [and therefore] Brown has not established that he is being held in state custody in violation of the Sixth Amendment," *id.* at 15; (6) "Brown was not disadvantaged by the new sentencing scheme" and therefore its application at "Brown's eligibility trial did not violate the ex post facto provision," *id.* at 17; (7) because "Brown's eligibility trial was a re-trial of sentencing enhancements, the Double Jeopardy Clause does not apply," *id.* at 17-18; (8) with respect to Brown's claim that "the verdict form finding him guilty of an extended sentence violated due process," his "argument and factual allegations are not supported by the record [and thus]

Brown has not established that he is being held in violation of due process," *id.* at 18; and (9) HRS § "706-668.5 and its amendments do not apply to Mr. Brown's current sentence, which was imposed in 2012," and therefore, "Brown has not established that he is being held in custody by an unconstitutionally ambiguous statute," *id.* at 19. Thus, the Amended F&R recommended that the § 2254 Petition be denied with prejudice, and that a certificate of appealability be denied. *Id.* at 20-21.

Brown filed the instant Objections on July 5, 2017, and the Government filed its Response on July 11, 2017. ECF Nos. 15, 17.

## III. <u>STANDARD OF REVIEW</u>

### A. Review of a Magistrate Judge's Findings and Recommendations

When a party objects to a magistrate judge's findings and recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). The district court reviews those

unobjected portions of a findings and recommendations for clear error. *H. v. Dep't of Educ.*, 2016 WL 4522177, at *3 (D. Haw. Aug. 29, 2016).

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc*., 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings and recommendations to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## B.     Review of § 2254 Habeas Corpus Petitions

A federal district court may consider a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for any alleged error in the application or interpretation of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 221 (2011) (per curiam) (holding that it is of no federal concern whether a state law was correctly applied); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant habeas relief under § 2254 unless a state court's adjudication on the merits of a claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

This AEDPA standard is highly deferential, requiring a petitioner to show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). The court considers the "last reasoned decision" by a state court addressing a particular issue. *Miles v. Ryan*, 713 F.3d 477, 486 (9th Cir. 2012). A summary denial by a state court is presumed to be a denial on the merits of a petitioner's claim. *Stancle v. Clay*, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). But where it is clear that a state court did not rule on the merits of a claim, the district court must review that claim de novo. *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011).

Generally, a habeas petitioner must first exhaust his claims by presenting them to the state's highest court, either through direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *See* Section 2254(b)(1);[8] *Rose v. Lundy*, 455 U.S. 509, 519 (1982). To exhaust a claim, a petitioner must "reference specific provisions of the federal constitution or cite to federal case law." *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). Alternatively, a petition must have "cited to . . . state cases involving the legal standard for a federal constitutional violation." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). Neither "[t]he mere similarity between a claim of state and federal error . . . [nor] general appeals to broad constitutional principles, such as due process, . . . and the right to a fair trial, are []sufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

However, after de novo review, the court may dismiss unexhausted and/or procedurally-defaulted claims that are plainly meritless. *See* 28 U.S.C.

---

[8] Section 2254(b)(1) provides that:
> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

§ 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

*Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010), clarified that courts may not *grant* habeas relief after de novo review without first determining whether AEDPA deference to state court decisions applies, but they may *deny* habeas relief after de novo review. That is, courts can "deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review." *Id.* (citing 28 U.S.C. § 2254(a)). Thus, a court may "reject a claim on the merits and forgo an analysis of procedural default." *Ismael Rosales Aniceto v. Foulk*, 2017 WL 2189681, at *6 (E.D. Cal. May 18, 2017); *see Lambrix v. Singletary*, 520 U.S. 518, 523 (1997) (holding that a court reviewing a habeas claim, in the interest of judicial economy, may bypass an asserted procedural bar to consider the claim on the merits); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by

the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same"); *Gales v. Kernan*, 2017 WL 1377737, at *6 (C.D. Cal. Mar. 7, 2017) (declining to consider whether habeas claim was exhausted because the claim fails under de novo review).

## IV. DISCUSSION

### A. Objections to the Amended F&R

Brown's Objections claim that (1) his indictment is invalid; (2) the Hawaii Circuit Court lacked jurisdiction over his case; (3) the Hawaii Circuit Court violated the constitutional ex post facto, due process, and double jeopardy clauses; and (4) he received ineffective assistance of counsel. Objs. at 2; Letter at 1, ECF No. 15-1. The Objections also include new claims raised for the first time: (1) the Hawaii Paroling Authority ("HPA") discriminated against him;[9] (2) Hawaii law labeling him a sex offender and providing public notice of such status constitutes unlawful discrimination in violation of the Hawaii constitution; and (3) the teaching of evolution in schools violates the First Amendment to the United States constitution. *Id.* at 2-3.

---

[9] Brown alleges that the HPA told him that they "don't want to hear about your case, we are here to denie [(sic)] your parole. Do sex offender program; max-out. [HPA] is unconstitutional void ab initio under *Apprendi*. New board need[s] new sentencing federal guidelines. I . . . was disrespected and discriminated by (HPA)." Objs. at 2.

## 1. New Claims

The court declines to consider the claims Brown raises for the first time in his Objections. *See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (recognizing that the court may refuse to consider new arguments raised in objections to a magistrate judge's report and recommendation); *see also Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (declining to consider three new claims because they were not made in the original habeas petition); *Greenhow v. Sec'y Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam); *Collins v. Arnold*, 2017 WL 2468767, at *1 (C.D. Cal. June 6, 2017) (declining to consider new habeas claim raised for the first time in objections to a magistrate judge's report and recommendation in part because the claim had not been exhausted in state court).

But even if the court were to consider Brown's new claims de novo, they would fail, and dismissal would be warranted. *See* 28 U.S.C. 2254(b)(2); *Berghuis*, 560 U.S. at 390; *Cassett*, 406 F.3d at 623-24. Brown's allegations of discrimination by the HPA are conclusory, and fail to show that Brown is being

held in custody in violation of federal discrimination law. Brown's claim that labeling him a sex offender violated the Hawaii constitution does not raise a federal issue. And Brown fails to allege how the teaching of evolution in schools causes him to be held in custody in violation of the United States constitution or federal law.

### 2. *Remaining Claims*

The court addresses each of Brown's Objections to the Amended F&R.

#### a. *Challenge to the Indictment*

The indictment charged Brown with two counts of "sexual contact" with a person "who was less than fourteen years old, by placing his hand on her vagina, thereby committing the offense of Sexual Assault in the Third Degree in violation of [HRS §] 707-732(1)(b)." Gov't Ex. F, ECF No. 12-7. In his § 2254 Petition, Brown alleges that the indictment was defective and invalid because the words "hands on vagina" constitute sexual penetration, supporting a first-degree sexual assault charge, but he was charged with third-degree sexual assault. *See* § 2254 Mem. at PageID #16, ECF No. 1-1. The Amended F&R determined that Brown received fair notice of his charges under both the Fifth and Sixth Amendments. Am. F&R at 11-13. In his Objections, Brown again contends that his indictment was defective and invalid. Objs. at 2. The court disagrees.

Initially, the court finds that the Hawaii Supreme Court determined that "the indictment charging Brown with subjecting the complainants to sexual contact by placing his hand on their vaginas was sufficient to apprise Brown of what he must be prepared to meet." *Brown*, 2005 WL 2338855, at *1. But because there is no reference whatsoever to federal law, it is unclear whether this claim is exhausted.[10] *See Lyons*, 232 F.3d at 670; *Hiivala*, 195 F.3d at 1106. Thus, the court reviews this claim de novo.

"The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the . . . charges made against him so as to permit adequate preparation of a defense." *Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007). "Notice and an opportunity to defend against the charges . . . are an integral part of the due process protected by the Fourteenth Amendment, and are . . . applicable in state prosecutions." *Maassen v. Ryan*, 2013 WL 5781077, at *9 (D. Ariz. Oct. 25, 2013) (citations omitted). "[D]eficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of

_____

[10] Neither Brown nor the Government provided to this court copies of Brown's appeal documents.

. . . due process." *Id.* (quoting *Ashford v. Evans*, 780 F.2d 405, 407 (4th Cir. 1985)).  To prevail, a petitioner must demonstrate prejudice from the deficiency. *Id.* (citing *Brodit v. Cambra*, 350 F.3d 985, 988-89 (9th Cir. 2003)).

Under Hawaii law, an indictment may provide notice of charges by the wording *or by reference to the applicable statute.  See Lincoln v. Sunn*, 807 F.2d 805, 813 (9th Cir. 1987) (citing *State v. Baker*, 55 Haw. 621, 622, 525 P.2d 571, 572 (9th Cir. 1974)).  Here, the indictment explicitly charged Brown with third-degree sexual assault in violation of the applicable statute.  Thus, the indictment was not invalid.  Moreover, as the Amended F&R correctly stated, "Brown does not argue that he was unaware of being charged with touching the complainants' vulvae, that he was unable to fairly prepare his defense, or that any other factors exist which would demonstrate prejudice."  Am. F&R at 12-13.

After de novo review, this court finds that the indictment was not invalid, and provided Brown fair notice of his charges in accordance with the Sixth Amendment and due process clause.  Brown has failed to establish that the wording of his indictment causes him to be held custody in violation of the United States constitution or federal law.

### b.     Jurisdiction claim

Brown asserts two separate grounds for his claim that the Hawaii Circuit Court lacked jurisdiction.

First, Brown argues that the Hawaii Circuit Court lacked jurisdiction over him because "[t]he Family Court shall have exclusive original jurisdiction to try any person under the age of fourteen years of age."  § 2254 Petition at PageID #21; *see* Objs. at 2 ("Jurisdiction Violation ('The State') Court <u>Void</u>; ('The Family') Court").  Brown argues that because the victims were under the age of fourteen, he should have been tried in family court.

Hawaii law governs the jurisdiction of its family court, providing in part that family court "shall have exclusive original jurisdiction in proceedings . . . [c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any . . . law or ordinance."  HRS § 571-11(1).  Because Brown's claim concerns purely a state-law matter and does not raise any federal-law issue, this claim is not within the scope of a § 2254 habeas petition.  *See Swarthout*, 562 U.S. at 221; *Estelle*, 502 U.S. at 67-68.  Moreover, on its face, Brown's argument fails.  Brown, who was not a minor, was on trial, not his victims.  Thus, Brown's argument does not apply to the facts of his case.  Brown does not provide any authority, nor could he, to support his claim that the Hawaii Circuit Court lacks jurisdiction to try criminal cases against adult defendants where the victims are under fourteen years of age.

Second, relying on *United States v. Cotton*, 535 U.S. 625, 630 (2002), Brown argues that because his indictment allegedly was defective, the Hawaii Circuit Court lacked subject matter jurisdiction over his case. Objs. at 1. Because it does not appear that Brown raised this claim in the state courts, it is likely unexhausted and thus, the court reviews it de novo.

Brown's reliance on *Cotton* is misplaced -- *Cotton* confirmed that a defective indictment does not deprive a court of jurisdiction. 535 U.S. at 630-31. Thus, even if the indictment was defective -- and as set forth above, the court does not find that it was -- it would not deprive the Hawaii Circuit Court of jurisdiction.

In sum, Brown's claim that the Hawaii Circuit Court lacked jurisdiction is without merit. And, to the extent it is based on the argument that Hawaii's family court had exclusive jurisdiction over Brown's case, it is also a matter of state law that does not raise any violation of the United States constitution or federal law.

### c.    *Ex Post Facto Claim*

Brown claims that the Hawaii Circuit Court's application of Hawaii's amended extended-term sentencing scheme to a crime that he committed before the amendments were enacted violated the constitutional ex post facto clause. *See* Objs. at 2 ("EX POST FACTO - Trial One: Sex Assault case 10 years ONLY;

NOTICE 'After' Trial. *Apprendi* - violation at inactment [(sic)] <u>VOID</u>. No-notice Before' Trial"); *see also* § 2254 Petition at PageID #17. Brown is mistaken.

Although Brown apparently failed to raise the issue of an ex post facto violation in the state courts, in denying his direct appeal, the ICA relied on a Hawaii Supreme Court case that explicitly addressed this issue. *See Brown*, 2015 WL 5774713, at *2 (citing *Jess*, 184 P.3d at 165-67). The ICA recognized that "[t]he Hawaii Supreme Court has upheld the constitutionality of the retroactive application of [Hawaii's amended extended-term sentencing scheme] to defendants like Brown, whose offenses were committed before the enactment of [the amendments]." *Id.* (citing *Jess*, 184 P.3d at 165-67) (other citation omitted). In *Jess*, the Hawaii Supreme Court engaged in a lengthy examination of United States Supreme Court case law, and lower court's interpretations of such law, and determined that application of the amended extended-term sentencing scheme does not violate the United States constitutional ex post facto clause. 184 P.3d at 165-67.

Here, if exhausted, Brown fails to show that the Hawaii Supreme Court's ruling on this issue is "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see White*, 136 S. Ct. at 460 (requiring a habeas petitioner to show that the state court's ruling was "so

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement").

And if this claim is unexhausted, after de novo review, this court finds that it lacks merit. The ex post facto clause of the United States constitution[11] prohibits the enactment of a law that, in part, "inflicts a *greater* punishment for the crime than the punishment authorized by law when the crime was committed." *Aguilar v. Paramo*, 2017 WL 3092090, at *3 (N.D. Cal. July 20, 2017) (citing *Stoger v. California*, 539 U.S. 607, 611-12 (2003)) (emphasis added); *see* U.S. Const. art. I, § 10, cl. 1; *see also Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1052 (9th Cir. 2012) (recognizing that the ex post facto clause prohibits the "retroactively imposing additional punishment for commission of a criminal offense") (citing U.S. Const. art. I, § 9, cl. 3). For a law to be ex post facto, it must not only be a "retroactive application of a criminal law," but it must also "disadvantage[] the defendant." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014); *see Weaver v. Graham*, 450 U.S. 24, 29 (1981).

Hawaii's amended extended-term sentencing scheme altered only the procedure to impose an extended sentence -- it now requires a jury, rather than a

---

[11]  Article I, § 10, cl. 1 provides that "[n]o State shall . . . pass any . . . ex post facto Law[.]"  There is also a second ex post facto clause applicable to both federal and state governments, which provides that "[n]o . . . ex post facto Law shall be passed."  U.S. Const. art. I, § 9, cl. 3.

judge, to determine a defendant's eligibility for an extended term of imprisonment based on findings of statutory factors beyond a reasonable doubt. *See* HRS §§ 706-661, -662, & -664. The amended scheme did not "expand the scope of criminal liability, increase punishment, or alter any evidentiary burdens to [the defendant's] detriment." *Jess*, 184 P.3d at 161. Brown was originally sentenced to two consecutive ten-year terms of imprisonment, and after his eligibility jury trial, he received the exact same sentence. Because Brown did not receive, and could not have received, a more severe punishment from the application of the amended extended-term sentencing scheme, he was not disadvantaged. The Hawaii Circuit Court's application of Hawaii's amended extended-term sentencing scheme at Brown's eligibility trial did not violate the ex post facto provision of the United States constitution.

### d. *Double Jeopardy Claim*

Brown also claims that empaneling a second jury for his eligibility trial, rather than empaneling the first jury, violated the constitution's double jeopardy clause. *See* Objs. at 2 ("DOUBLE JEOBARDY [(sic)] CLAUSE: At (1) Aquittal [(sic)] or (2) Conviction, Violation."). Brown apparently failed to exhaust this issue by raising it before the state courts. And after de novo review, the court finds that Brown's claim is without merit.

The double jeopardy clause of the United States constitution "protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *see* U.S. Const. amend. V. But the double jeopardy clause does not apply to resentencing proceedings, even where a new sentence may be subject to enhancement. *See Monge v. California*, 524 U.S. 721, 734 (1998) ("[T]he Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in the noncapital sentencing context."); *see also Franco v. Haviland*, 2011 WL 6736051, at *5 (N.D. Cal. Dec. 21, 2011) (holding that after petitioner's successful appeal of his first sentence, double jeopardy did not preclude the trial court from convening a jury to find aggravating facts and then resentencing petitioner). Even where a second jury is convened solely to determine sentencing allegations, the double jeopardy clause does not apply "because sentencing determinations in noncapital cases do not place a defendant in jeopardy for an 'offense.'" *Jones v. Caldron*, 2003 WL 21667146, at *8 (N.D. Cal. July 14, 2003) ("There is no Supreme Court authority requiring, as a matter of federal law, that petitioner's [sentencing enhancement factors] be tried by the same jury that tried the underlying offenses.").

Brown's eligibility trial was a retrial solely to determine sentencing enhancement factors. Thus, the double jeopardy clause does not apply.

### e. Due Process Claim

Brown claims that application of Hawaii's amended extended-term sentencing scheme violated his constitutional right to due process. *See* Objs. at 2 ("Haw. Rev. Statue [(sic)] 706-662, Petitioners Extended terms must be set aside as matter of due process"). In his § 2254 Petition, Brown appears to argue that because his indictment did not set forth aggravating factors, application of the amended extended-term sentencing scheme violated his due process rights. *See* § 2254 Petition at PageID #16 (arguing that [*Apprendi*] ruled that a jury must determine facts regarding the "aggravating circumstances <u>charged</u> in the Indictment and arraignment and plea").

Brown does not appear to have exhausted this claim by raising it explicitly in the state courts.[12] The court thus considers it de novo.[13] And for the reasons set forth below, the court finds that Brown's due process claim fails.

---

[12] In another matter, the Hawaii Supreme Court has ruled on this very issue. *See Jess*, 184 P.3d at 160-62 (holding that application of Hawaii's amended extended-term sentencing scheme to a defendant whose charging document was filed prior to March 31, 2008 and did not allege aggravating factors did not violate the United States Constitution's due process clause).

[13] The Amended F&R determined that (1) the indictment provided fair notice of the offense charges against Brown, (2) application of the amended extended-term sentencing scheme did not violate the Sixth Amendment, and (3) the eligibility trial verdict form did not violate due process. *See* Am. F&R at 13, 15, 18. But the Amended F&R did not address Brown's claim that

(cont'd . . . )

The due process clause guarantees a defendant a fair trial, but it does not require state courts to comply with the Fifth Amendment's provision for presentment or indictment by a grand jury. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) (explaining that "federal concepts of a 'grand jury,' [which are] binding on the federal courts under the Fifth Amendment, are [not] obligatory for the States"); *see also Apprendi*, 530 U.S. at 477 n.3 (recognizing that the Fifth Amendment grand jury clause is not applicable to the states under the Fourteenth Amendment). *Apprendi* held that under the Fourteenth Amendment's due process clause and the Sixth Amendment's right to a jury trial, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. But *Apprendi* explicitly declined to address whether aggravating factors for sentence enhancement must be included in a state court indictment. *See id.* at 477 n.3 ("Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement . . . in the indictment. . . . We thus do not address the indictment question separately today."); *see also State v. Siers*, 274 P.3d 358, 363 (Wash. 2012) (en banc) ("[T]he United States Supreme Court did not address the question

he was denied due process because the indictment did not notify him of the aggravating factors to be determined at an eligibility trial for a sentence enhancement.

of whether an aggravating circumstance must be pleaded in the charging document.") (citing *Blakely v. Washington*, 542 U.S. 296, 301 (2004), and *Apprendi*, 530 U.S. at 477 n.3.).

The overwhelming majority of courts that have addressed this issue have determined that "aggravating circumstances do not need to be alleged in the indictment pursuant to the Fifth Amendment, Sixth Amendment, or Due Process Clause." *State v. Abdullah*, 348 P.3d 1, 73-74 & n.29 (Idaho 2015) (citing cases); *see, e.g.*, *State v. Scott*, 183 P.3d 801, 835 (Kan. 2008) (recognizing that the Sixth Amendment right to "notice and cause of the accusation" is applicable to the states and requires some form of notice of aggravating factors, but that the such notice is not required to be in the indictment) (citing *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992)); *State v. Dague*, 143 P.3d 988, 1007 (Alaska Ct. App. 2006) ("[T]he due process clause of the Fourteenth Amendment does not require sentencing factors to be included in the indictment -- even when, under *Apprendi* and *Blakely*, the Sixth and Fourteenth Amendments would require the states to give defendants a jury trial on those same factors.").

This court agrees with the clear weight of authority and finds that the Fourteenth Amendment's due process clause does not require that aggravating factors for sentencing enhancement be included in a state indictment. After all, the State was not *required* to proceed by indictment. So at most, Brown was entitled

to fair notice of the charges and whether an extended-term sentence would be sought. And he received that exact notice -- more than four years prior to the eligibility trial,[14] the prosecutor filed a motion for an extended term of imprisonment setting forth the aggravating factors that would be presented to the jury. *See* Gov't Answer, Ex. "H," ECF No. 12-9. And Hawaii's amended extended-term sentencing scheme provides that "[a] defendant previously sentenced to an extended term under a prior version of this chapter shall be deemed to have received notice of an intention to seek an extended term of imprisonment." Because Brown was previously sentenced to an extended-term sentence, he was deemed to have notice that at the eligibility trial, an extended-term sentence would be sought.

Brown's claim that his United States constitutional due process rights were violated because his indictment failed to include aggravating factors for sentence enhancement is without merit.

### f. *Ineffective assistance of counsel claims*

Brown alleges that three of his prior counsel -- William Bagasol, Richard Gronna, and James Tabe -- deprived him of effective assistance of counsel at various stages of litigation. To demonstrate ineffective assistance of counsel,

---

[14] The prosecutor filed a second motion for an extended-term of imprisonment on October 3, 2006, *see* Gov't Ex. "H," and the eligibility trial commenced on May 8, 2012, *see* Gov't Ex. "E."

Brown must show that: "(1) counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Smith v. Mahoney*, 611 F.3d 987, 986 (9th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Habeas relief is not warranted if a petitioner fails to establish either *Strickland* factor. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014).

Brown apparently did not raise his ineffective assistance of counsel claims in his direct appeals, and he did not initiate any state collateral proceedings. Thus, these claims will be reviewed de novo.

In his § 2254 Petition, Brown alleges that Bagasol failed to challenge the validity of the indictment, arguing that the indictment was void because it included words constituting a first-degree sexual assault charge (hands on vagina), but charged Brown with third-degree sexual assault. *See* § 2254 Mem. at 1, ECF No. 1-1. The § 2254 Petition further alleges that Bagasol failed to advise Brown that the Hawaii Circuit Court lacked jurisdiction. *Id.* at 5. In his Objections, against Bagasol, Brown alleges "two prior cases plea deal; jurisdiction, potentially 'meritorious defence' [(sic)] . . . ongoing case plea deal drug and robbery 2d; no-drug quantity to extend Mr. Brown for extended term." Objs. at 2.

These allegations are conclusory, without merit, confusing, and/or lack specific facts to support an ineffective assistance of counsel claim. First, as set forth above, Brown's claims that his indictment was void and the Hawaii Circuit Court lacked jurisdiction are baseless. Bagasol's failure to raise baseless issues does not constitute representation that "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 668. And even if Bagasol had challenged the validity of Brown's indictment or the Hawaii Circuit Court's jurisdiction, those challenges would not have affected Brown's conviction or sentence. Second, Brown fails to allege any facts whatsoever to show how Bagasol's conduct in connection with a plea deal in prior cases or any issue concerning drug quantity in a separate case constitutes conduct in *this* case that fell below an objective standard of reasonableness, or that but for counsel's conduct, Brown would have obtained a different result in this case. *See Smith*, 611 F.3d at 986.

As to Gronna, Brown alleges that he "failed to raise my *State v. Mueller*, [102 Haw. 391, 76 P.3d 943 (2003)] issue for appeal . . . ." *Id.* And Brown alleges that Tabe "bypassed (ICA) could of got a ruling on appeal in (HSC)

Supreme Court INFANT: contact/penetrastion [(sic)] it covered the statute [HRS §§] 707-732 and 707-730 ERROR." *Id.*[15]

　　　These allegations are largely conclusory and fail to provide the factual specificity necessary to demonstrate that he received ineffective assistance of counsel. First, even if Gronna had cited *Mueller*, that case would not have affected Brown's conviction or sentence. *Mueller* determined that under Hawaii law, first-degree sexual assault requires actual physical penetration, unlike third-degree sexual assault. 102 Haw. 391, 76 P.3d 943. Because a first-degree sexual assault conviction was obtained absent proof of actual physical penetration, *Mueller* vacated that conviction and remanded for entry of judgment for third-degree sexual assault. *Id.* Brown was neither charged with nor convicted of first-degree sexual assault, and therefore evidence of physical penetration was not needed. There simply was no *Mueller* issue for counsel to raise. Second, Brown's allegations about Tabe's actions are conclusory and speculative, and therefore insufficient to establish ineffective assistance of counsel.

　　　In sum, after de novo review of Brown's ineffective assistance of counsel claims raised in the § 2254 Petition and Objections, the court finds that

---

[15] It appears that Brown did not include allegations against Gronna or Tabe in the § 2254 Petition. But because he did assert an ineffective assistance of counsel claim that was scattered throughout the § 2254 Petition, the court cannot be certain that Brown's claim was not meant to include conduct by Gronna or Tabe. Thus, the court will consider the allegations in Brown's Objections.

Brown fails to allege facts showing that counsel's conduct fell below an objective standard of reasonableness, or that but for counsel's conduct, Brown would have obtained a different result. *See Smith*, 611 F.3d at 986. Thus, Brown failed to establish that he received ineffective assistance of counsel in violation of the Sixth Amendment.

## B.      Unobjected Portions of the Amended F&R

Although Brown did not object to the Amended F&R with respect to his remaining claims, this court reviews those claims for clear error. *See H.*, 2016 WL 4522177, at *3.

Brown apparently failed to exhaust his remaining claims. First, although Brown challenged the Hawaii Circuit Court's admission of evidence of Brown's prior robbery conviction on direct appeal of his conviction, the Hawaii Supreme Court denied that challenge without reference to federal law. Thus, it appears that Brown did not assert that admission of evidence of his prior robbery conviction violated the United States constitution's due process clause. Second, although Brown did exhaust his claim that Hawaii's former extended-term sentencing scheme violated the Sixth Amendment -- indeed, he obtained habeas relief on that claim -- he does not appear to have exhausted his claim that Hawaii's *amended* extended-term sentencing scheme violates the Sixth Amendment. And third, Brown does not appear to have raised his claims that the eligibility trial

verdict form violated the due process clause and that HRS § 706-668.5(3) is

unconstitutionally "ambiguous" prior to the instant § 2254 Petition in federal court.

Because these claims are likely unexhausted, the Amended F&R

correctly addressed and denied them on the merits. The court finds no error of law

or fact in the Amended F&R's analysis of these claims.

In short, Brown failed to establish that he is being held in custody in

violation of the constitution, laws, or treaties of the United States. Thus, his

§ 2254 Petition is DENIED.

## C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." A

certificate of appealability ("COA") may issue only if the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a constitutional claim is rejected on its merits, "The petitioner must

demonstrate that reasonable jurists would find the ... court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).

The court finds that reasonable jurists would not find that the denial of Brown's claims was debatable or wrong. Thus, a certificate of appealability is DENIED.

## V. **CONCLUSION**

Based on the foregoing, the court ADOPTS the Amended F&R to deny Brown's § 2254 Petition, DENIES Brown's § 2254 Petition, and DENIES a certificate of appealability. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Brown v. Taylor*, Civ. No. 16-00649 JMS-RLP, Order: (1) Adopting Amended Findings and Recommendation to Deny Herbert Brown's 28 U.S.C. § 2254 Petition; and (2) Denying a Certificate of Appealability